UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STX PAN OCEAN CO. LTD. | CIVIL ACTION:  10- |
| Plaintiff, | CASE NO.: |
| vs. | SECTION: |
| COUTINHO & FERROSTAAL INC., GOTHAER ALLGEMEINE VERSICHERUNG AG | |
| Defendants. | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:**

**NOW COMES** plaintiff STX Pan Ocean Co., Inc. through undersigned counsel for its complaint seeking declaratory relief against defendants Coutinho & Ferrostaal Inc. and Gothaer Allgemeine Versicherung AG, *in personas*, and avers upon information and belief:

**SUBJECT MATTER JURISDICTION**

1.

This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the subject matter jurisdiction of this Court is found in U.S. Constitution Article 3, Section 2, and 28 U.S.C. § 1333.

## THE PARTIES

2.

At all material times, plaintiff STX Pan Ocean Co., Inc. was and still is a corporation organized under and pursuant to laws of the Republic of Korea with its principal office in Seoul, Korea and was the time chartered owner of M/V NEW EMINENCE.

3.

At all material times, defendant Coutinho & Ferrostaal Inc.(hereinafter "C&F") was and is a corporation organized and existing under and by virtue of the laws of one of the states of the United States with an office in place of business in Houston, Texas and was the consignee, importer of record and owner of two consignments of bundled steel pipe more fully described in bills of lading  POBUDLCNOLO81000 dated October 30, 2008 (hereinafter "B/L 00")   and POBUDLCNOLO81001 dated October 27, 2008(hereinafter "B/L 01") and issued for and on behalf of the Master of the M/V NEW EMINENCE  which were carried by the M/V NEW EMINENCE from the port of Dalian, Peoples Republic of China, to the port of New Orleans, Louisiana during the period October 30, 2008 through and including December 13, 2008.

4.

At all material times, defendant Gothaer Allgemeine Versicherung AG (hereinafter "Gothaer") was and is a corporation or other legal entity organized and existing under and by virtue of the laws of the Republic of Germany with an office in place of business at Katharinenstrasse 23-25 Hamburg, Germany and a marine cargo underwriter which, having issued a certain policy of marine cargo insurance #W537 0001 2008 WA to co-defendant C&F covering the consignments of bundled pipe imported and owned by Coutinho & Ferrostaal,

whose claim was paid on or about December 2, 2009, is subrogated to all or some of the rights of co-defendant Coutinho & Ferrostaal Inc.

## UNDERLYING TRANSACTIONS

5.

On or before October 27, 2008 defendant Coutinho & Ferrostaal Inc. entered into a contract of carriage for steel pipe weighing approximately 3,800 metric tons with East Sailing International Shipping Co., Ltd. , which had sub-chartered the vessel indirectly from plaintiff STX Pan Ocean.

6.

Upon information and belief, co-defendant Coutinho & Ferrostaal bought the pipe from Liaoning Northern Steel Pipe Co., Ltd on an FOB Dalian basis and Lianoning arranged and paid for the 1,816 bundles to be loaded at the port of Dalian aboard M/V NEW EMINENCE.

7.

B/L 00  was issued for the Master for 349 bundles of 11 ¾" diameter pipe and B/L 01 was issued for 1,467 bundles of 7" diameter pipe and both bills of lading  incorporated the mate's receipts and the cargo condition report.

8.

The vessel first arrived at Tampa after an unremarkable Trans-Pacific voyage and there discharged certain cargo and then sailed for and hove to at Waggamans Buoy, mile 111, Mississippi River from December 8 through 13, 2008 during which time the bundles of pipe were discharged by Coastal Cargo Co., who was engaged by co-defendant Coutinho & Ferrostaal Inc. into several barges operated by Marion Shipping Co. at the instance and for the account of co-defendant C&F.

9.

The discharge was attended by and supervised by Michael Mata of Coastal Cargo Co., 3500 Terminal Drive, New Orleans, LA., Dwayne Priest of Marion Shipping and New Orleans based marine cargo surveyors (1) CSL appointed by Coastal; (2) Dufour, Laskey & Strouse, appointed by C&F and Gothaer and Maritech appointed by plaintiff.

10.

The condition of the pipe at the moment of discharge is of crucial significance, both factually and legally, in allocating the respective rights, obligations, liabilities and responsibilities of the parties because that moment when plaintiff's alleged custody of the bundles of pipe ended.

## CHINESE PROCEEDINGS

In or about November, 2009 attorneys representing Gothaer Allgemeine Versicherung AG filed a lawsuit in Dalian, China against STX Pan Ocean Co., Ltd., New Confidence Line AS, HSIN Chine Marine - Taipei and China Marine Shipping Agency Liaoning Co., Ltd. claiming that all four defendants are jointly liable for damage to two parcels of pipe carried under bills of lading POBUDLCNOLO81000 dated October 30, 2008 and POBUDLCNOLO810001 dated October 27, 2008. The complaint alleges that STX Pan Ocean was the contractual carrier under the bills of lading. Defendants New Confidence and HISN are alleged by Gothaer's Chinese attorneys to be the registered Owners, demise charterers, operators, managers of the vessel and China Marine Shipping Agency is alleged to be an agent.

11.

The lawsuit complains that when the M/V NEW EMINENCE arrived at New Orleans on December 8, 2008, surveyors found that numerous pieces of pipe were dented and compressed

with beveled ends flat requiring repairs and rebundling all of which cost $128,202.05 plus surveyor fees in the amount of $17,338.87. The complaint also alleges that Coutinho & Ferrostaal Inc. was the owner of the cargo which was insured by codefendant Gothaer.

12.

The bundles of pipe were shipped by Lianoing Northern Steel Pipe Co., Ltd. which sold the pipe to Coutinho & Ferrostaal Inc.

13.

In the Court in Dalian, China, Gothaer Allgemeine Versicherung alleges that STX Pan Ocean was a contract carrier.

14.

The two bills of lading under which defendant Gothaer sues in China are on a form published by STX Pan Ocean but signed for and on behalf of the master of the M/V NEW EMINENCE by China Marine Shipping Agency Liaoing Co., Ltd. and provide as part of the jurisdictional clause 32 that "any dispute arising under this bill of lading shall be decided in the country where the carrier has his principal place of business, and the laws of said country shall apply except as provided elsewhere herein.

15.

If, as Gothaer Allgemeine Versicherung alleges in the Dalian Court that STX Pan Ocean is a contract carrier, then Gothaer Allgemeine Versicherung was obliged to sue in a court in Seoul, Korea where STX Pan Ocean has its principal place of business.

16.

If, New Confidence Lines as the "carrier" then a court in Taipei is the forum which was contractually fixed.

17.

As a subrogee, Gothaer was and is bound by the terms and conditions of the contract which its subrogor entered into and under which it sued China.

18.

By suing STX Pan Ocean in China, Gothaer breached the forum selection clause in the bills of lading.

19.

Moreover, the clause 31 in the bills of lading provided:

> As regard with moving to and from USA this bill of lading shall have effect subject of the provisions of the Carriage of Goods by Sea Act of the United States approved April 16, 1936.

Subject cargos were carried from China to the United States entitling plaintiff to the benefits of Section 1304(5) of COGSA enabling it to limit its liability per bundle or per customary freight unit.

## VENUE

20.

Venue is proper in the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the dispute between the plaintiff and the defendants occurred in this district aboard the M/V NEW EMINENCE and during discharge of the vessel at Waggaman Buoys, Mile 111, Mississippi River.

## DECLARATORY JUDGMENT

21.

This is an action for declaratory judgment pursuant 28 U.S.C. § 2201 for the purpose of determining these issues in actual controversy between the plaintiff and the defendants.

22.

There is a real, substantial and justiciable case and controversy between the parties hereto with respect to the duty, if any, that STX Pan Ocean Co., Inc. owed to defendant(s) and, if there were a duty and that duty arose out of a contract of carriage set forth in the aforesaid bills of lading dated October 27 and 30, 2008, whether defendants can prove by a preponderance of the evidence that any pipe or bundle of pipe was physically damaged in a legally significant way at the time of presentation to the defendants' stevedore Coastal Caro for discharge on December 8, 2008 and whether, assuming the damage was found, whether STX Pan Ocean would be entitled to limit any liability to $500 per package, bundle or customary freight unit pursuant to the U.S. Carriage of Good by Sea Act (1936), set forth in the Notes following 46 U.S.C. § 30701.

23.

By reason of the foregoing plaintiff seeks and is entitled to a declaration that it is free of liability to either or both of the defendants in respect of the cargo of bundled pipe.

### **INJUNCTIVE RELIEF**

24.

Plaintiff has been improperly sued by defendant Gothaer Allgemeine Versicherung AG in Dalian, China. The matter in issue in the Court in Dalian is the same as set forth in this complaint. There are additional parties named in the Chinese lawsuit but it would appear that focal issue is singularly the identity of the party who caused the alleged damage. This focal issue cannot be fairly and adequately adjudicated in a distant forum inconvenient for the attendance and testimony by non-party witnesses. The defendants' choice of a Chinese forum is vexatious in that the focal issue is the condition of the bundles of pipe upon arrival in New Orleans.

Proceedings in the Chinese forum will necessarily result in findings based upon inadequate testimonial evidence and may lead to the plaintiff's being deprived of the limitation of liability which is the public policy of the United States of America as codified in the carriage of Goods by Sea Act.

25.

Defendants ought to be enjoined from suing plaintiff in the Court of Dalian, China in breach of the forum selection clause set forth in said bills of lading and on the ground that the Eastern District of Louisiana is the most, if not the only, convenient forum for determining the physical condition of the pipe at the moment of discharge from the M/V NEW EMINENCE when and where the legal responsibility of STX Pan Ocean Co., Inc., if any, ended as a matter of fact and law.

26.

Plaintiff will move for injunctive relief at the earliest possible time after defendants have appeared in this action prohibiting defendants from further prosecution of the claims in the Court in Dalian, China.

**WHEREFORE**, plaintiff STX Pan Ocean Shipping Co. Inc. prays that this Honorable Court enjoin defendants from prosecuting the cargo claims against plaintiff in Dalian, China and enter a judgment and decree that plaintiff is not liable to defendants for any damage to the bundles of pipe carried under the two bills of lading described above and for such other and further relief as to the Court may seem just and proper.

**Respectfully yours,**

**FRILOT L.L.C.**

*/s/ Andrew S. de Klerk*
Andrew S. de Klerk, T.A. (LSBN 1045)
T. Patrick O'Leary (LSBN 30655)
3700 Energy Centre
1100 Poydras Street
New Orleans, LA  70163-3700
Telephone: 504/599-8000
Telefax: 504/599-8100
adeklerk@frilot.com
poleary@frilot.com
**COUNSEL FOR STX PANOCEAN CO. LTD.**

**And,**

**CARROLL MCNULTY KULL LLC**
Christopher H. Mansuy
120 Mountain View Blvd.
Basking Ridge, New Jersey  07920
Telephone: 908/848-1201
Telefax: 908/848-6310
cmansuy@cmk.com
**OF COUNSEL**

**PLEASE ISSUE SUMMONS FOR:**

Coutinho & Ferrostaal Inc.

**And**

Gothaer Allgemeine Versicherung AG

9