IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STX PAN OCEAN CO., LTD | |
| Plaintiff | CIVIL ACTION NO. |
| VS. | 2:10-cv-04613-MVL-SS |
| COUTINHO & FERROSTAAL, INC., and GOTHAER ALLGEMEINE VERICHERUNG AG | JUDGE:  Mary V. Lemmon |
| | MAGISTRATE:  Sally Sushan |
| Defendants | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
FILED BY DEFENDANT GOTHAER ALLGEMEINE VERISHERUNG AG**

MAY IT PLEASE THE COURT:

Defendant(s) COUTINHO & FERROSTAL, INC. ("C&F") and GOTHAER ALLGEMEINE VERSICHERUNG AG ("Gothaer") file this Memorandum in Support of Defendants' Motion to Dismiss the captioned matter pursuant to Federal Rule of Civil Procedure 12(b). Defendants respectfully aver that the instant matter should be dismissed for the following reasons:

1. Pursuant to Fed. Rule Civ. P. 12(b)(3), this Honorable Court does not have subject matter jurisdiction over this matter, due to an enforceable forum selection clause divesting a federal court form hearing the instant litigation; and

2. Pursuant to Fed. Rule Civ. P. 12(b)(6), the Complaint fails to state a cause of action because the claims brought by plaintiff against C&F and its insurer are time-barred having been brought outside of the one-year statute of limitations under the Carriage of Goods at Sea Act (COGSA) 46 USC 30701, *et seq*.

1

3. Injunctive relief is not available because Plaintiff cannot convincingly show "inequitable hardship," resulting from the foreign suit, a frustration or delay of the speedy and efficient determination of the cause, or that the foreign suit is unnecessarily duplicative of the litigation in the United States.

4. Pursuant to Fed. Rule Civ. P. 12(b)(2), Gothaer is not subject to personal jurisdiction in Louisiana; and

5. Pursuant to Fed. Rule Civ. P. 12(b)(6), the complaint fails to state a cause of action with respect to C&F because C&F has not been made a party to the Chinese litigation, and thus no "case or controversy" exists between STX Pan Ocean Co, Inc. ("STX Pan Ocean") and C&F.

For these reasons, which are more fully set forth in the memorandum below, the instant litigation should be dismissed.

## STATEMENT OF BACKGROUND AND PROCEDURAL HISTORY

C&F purchased bundles of steel pipe from Liaoning Northern Steel Pipe Co. Approximately 1,816 bundles of steel pipe were loaded onto the M/V NEW EMINENCE, bound for New Orleans, Louisiana. The vessel departed from Dalian, China on or about October 30, 2008. STX Pan Ocean, plaintiff in the instant matter, was a contract carrier under the bills of lading covering the said consignment of steel pipe.

When the M/V NEW EMINENCE arrived in New Orleans on December 8, 2008, surveyors discovered the bundles of pipe had sustained extensive damage during the ocean transit. C&F filed a claim with its cargo insurer for the damaged cargo. Its cargo insurer, Gothaer, paid the insurance claim, thereby becoming legally and contractually subrogated to C&F's rights of recovery against the responsible parties.

In accordance with the forum selection clauses contained in the bills of lading, Gothaer filed a timely lawsuit ("The Chinese Litigation") in November 2009, before the Dalian Maritime Court in the People's Republic of China – the same port city where the cargo was loaded and from which the M/V NEW EMINENCE departed. Three of the four defendants in the Chinese

Litigation have their principal places of business in China, including New Confidence Line, S.A. (registered owner of the M/V NEW EMMINENCE and carrier under the Master's Bill of Lading), HSIN Chien Marine-Taipei (operator/manager of the vessel) and China Marine Shipping Agency Liaoning, Co., Ltd. (agent). STX Pan Ocean, Inc. is the fourth defendant named in the Chinese Litigation. The Chinese Litigation remains open and unresolved as of this writing. C&F is not a party to the Chinese Litigation.

In December 2010, STX Pan Ocean filed the instant action in this Honorable Court. STX Pan Ocean seeks a declaratory judgment from this Court to enjoin the Chinese Litigation from proceeding, and to absolve STX Pan Ocean of any liability on the merits of Gothaer's claims in the Chinese Litigation.[1] On information and belief, STX Pan Ocean has not moved to dismiss or transfer the Chinese Litigation.

**LAW AND ARGUMENT**

**I. THE JURISDICTIONAL CLAUSE DIVESTS A FEDERAL COURT OF SUBJECT MATTER JURISDICTION.**

As STX Pan Ocean has alleged, the bills of lading issued for the carriage of the subject cargo contain a foreign forum selection clause that requires, in pertinent part, that any suit be brought, "… in a country where the carrier has his principle place of business, and the laws of that country shall apply except as provided elsewhere herein." (Plaintiff's Petition Paragraph 14.) Plaintiff also correctly alleged that the bills of lading make the U.S. Carriage of Goods by Sea Act ("COGSA") 46 U.S.C. 30701, *et seq*. applicable to any movement of cargo to or from the United States. (*Id.*, Paragraph 19.)

It is well-settled that a bill of lading's forum selection clause divests an American federal court of subject matter jurisdiction. *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) cert. denied, 130 S. Ct. 1054 (2010). A motion to dismiss in such a situation as this is properly brought under FRCP 12(b)(3). *Id.* As there is nothing in COGSA prohibiting the parties

---

[1]   Rec. Doc. 1, at ¶23.

from agreeing to enforce the bill in a particular forum, such choice-of-forum clauses are presumptively valid. *Id.* at 239 (**citing** *Vimar Seguros y Reaseguros v. M/V Sky Reefer,* 515 U.S. 528, 535, 115 S.Ct. 2322 (1995) **and** *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S.Ct. 1907 (1972)).

In *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233 (5th Cir. 2009) **cert. denied**, 130 S. Ct. 1054 (2010), the Fifth Circuit held that a bill of lading's forum selection clause requiring the parties to litigate their claims in the English High Court was valid and enforceable. COGSA does not prevent the parties from agreeing to enforce the bill of lading's provisions in a particular forum. *Id.* at 239, [citations omitted]. (**See also**, *Lim v. Offshore Specialty Fabricators, Inc.,* 404 F.3d 898 (5th Cir. 2005).

Plaintiffs have alleged subject matter jurisdiction exists pursuant to a federal court's constitutional authority and statutory authority to hear admiralty claims.[2] However, STX Pan Ocean ignores the impact of the forum selection clause on the Honorable Court's jurisdictional authority.

STX Pan Ocean alleges that its principal place of business is situated in Seoul, South Korea and that suit *should* have been brought there.[3] Assuming *arguendo* that Plaintiffs' allegations are true, then the Chinese court *may* lack jurisdiction.  That, however, would be an issue to be addressed with the Chinese court. STX Pan Ocean has not moved to dismiss or transfer the Chinese Litigation. What is certain is that the bill of lading (which, as plaintiff points out, was on an STX Pan Ocean form) does not require, or *permit* that suit be brought in the United States, and plaintiff has not alleged as much.  Clearly it was not the intention of the parties that any dispute arising out of this carriage would be decided by an American court.

---

[2]     Rec. Doc. 1, ¶1, citing to U.S. Const. Art. III, Sec. 2 and 28 U.S.C. §1333.
[3]     Rec. Doc. 1, ¶2, 15.  However, C&F and Gothaer note that three of the four defendants named in the Chinese litigation have their principal places of business in China, including the vessel owner. Of course, there is an ongoing international debate over whether Taipei is part of The People's Republic of China or the Republic of China. It is respectfully noted that U.S. District Courts generally avoid involving themselves in such international disputes without compelling reason to do so.

Since the subject carriage was to the United States, the Chinese Court is required by the terms of the bills of lading to apply COGSA. STX Pan Ocean will not be deprived of any defense(s) as a consequence of litigating in China. Therefore, STX Pan Ocean will suffer no prejudice from litigating in China. In any case, there can be no question that this Honorable Court lacks subject matter jurisdiction over this dispute by virtue of the foreign forum selection clause.

To defeat a forum selection clause, the opponent bears a "'heavy burden of proof.'" *Ambraco*, 570 F.3d at 239 (**quoting** *Haynsworth v. The Corporation,* 121 F.3d 956, 963 (5TH Cir. 1997) **quoting** *Bremen,* 407 U.S. at 17, 92 S.Ct. 1907). The plaintiff must show that enforcement of the forum selection clause would contravene a strong public policy of the current forum, as may be provided by statute or by judicial decision.

C&F and Gothaer respectfully submit that plaintiff has not and cannot show an overriding public policy interest of this forum which would justify setting the forum selection clause aside. The terms of the bill of lading require a presiding court to apply COGSA. Plaintiff has offered no argument, jurisprudence or evidence to suggest that the Chinese court would not apply COGSA, or that it would violate the public policy of this forum. (A forum selection clause creating exclusive jurisdiction in China is enforceable. *Thyssen, Inc. v. M/V ALPHA JUPITER*, 1997 WL 882595 (S.D.N.Y. Aug. 15, 1997) at *7). Accordingly, the forum selection clause is valid on its face, and divests this Honorable Court of subject matter jurisdiction.

This Honorable Court lacks subject matter jurisdiction over the instant claim and, therefore, the authority to grant either a declaratory judgment in favor of STX Pan Ocean or injunctive relief which would impede the Chinese Litigation.

II. **THE DECLARATORY ACTION IS TIME-BARRED, BECAUSE IT HAS BEEN FILED BEYOND THE ONE-YEAR STATUTE OF LIMITATIONS WHICH APPLIES TO CARGO CLAIMS UNDER COGSA.**

When the plaintiff's own allegations, even liberally construed, reveal insuperable legal shortcomings or barriers the Complaint should be dismissed pursuant to Rule 12(b)(6). This

occurs when, as here, a plaintiff's own allegations affirmatively establish a defense which negates liability, including "…when the pleader's allegations leave no doubt that an asserted claim is time-barred." *Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005) (**quoting** *LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 509 (1st Cir.1998)). In the instant case, the Plaintiff's allegations affirmatively established that its claim is time-barred.

The Declaratory Action Statute, 28 U.S.C. §2201, has no specific statute of limitations. Instead, it adopts the suit time provision applicable to the concurrent legal remedy pertinent for the underlying legal claim(s). *Looney Ricks Kiss Architects, Inc. v. Bryan*, 07-572, 2010 WL 5393859 (W.D. La. Dec. 22, 2010) at *6 (**citing** *Algrant v. Evergreen Valley Nurseries Ltd. P'ship*, 126 F.3d 178, 181-82 (3d Cir.1997) [add'l citations omitted]). In the instant case, the concurrent legal remedy is based on COGSA. COGSA's statute of limitations provides "…the carrier and ship shall be discharged from all liability in respect of loss or damage unless suit is brought **within one year** after delivery of the goods or the date when the goods should have been delivered." **See** *Seaboard Marine Ltd. v. St. Paul Fire & Marine Ins. Co*., 96-2446, 1996 WL 696354 (E.D. La. Nov. 25, 1996) **citing** 46 U.S.C. §1303(6) [emphasis added].

*Seaboard Marine*, *supra*. is instructive in this matter. In *Seaboard Marine*, the plaintiff filed a petition for declaratory judgment in the Eastern District of Louisiana. The *Seaboard Marine* Court succinctly summarized the facts as follows:

> **On March 29, 1995, plaintiff Seaboard Marine issued a bill of lading for carriage of various crane parts form [*sic*] the Port of New Orleans, Louisiana to Vial Y Vives, Ltda., in Valparaiso, Chile. The cargo was loaded aboard the M/V SEABOARD EXPRESS (owned/and or operated by Seaboard Marine) on March 29, 1996 and arrived in Valparaiso Chile on or about April 17, 1995. Upon discharge at Valparaiso, considerable damage was found to have occurred to the cargo during the voyage resulting in a damage claim of $85,739.97 by the consignee Vial Y Vives, Ltda. St. Paul, Vial's cargo insurers, settled with Vial pursuant to the terms and conditions of its policy of insurance.**

*Seaboard Marine*, 1996 WL 696354, *1 (E.D. La. Nov. 25, 1996).

There, the subrogated cargo insurer, St. Paul, had already filed a lawsuit to recover for damages in Chile. Seaboard Marine filed a declaratory action after the one-year period of limitations under COGSA had lapsed. St. Paul moved to dismiss the declaratory action under Rule 12(b)(6), arguing that COGSA's one-year prescriptive period had lapsed, rendering Seaboard Marine's declaratory action time barred. The court agreed and granted the motion dismissing the declaratory action.

In the instant case, STX Pan Ocean acknowledges the "delivery of the goods" occurred on or around December 8, 2008.[4] Under COGSA, the parties had one year, until December 8, 2009, to file claims which arose from or were related to the loss. The subrogated insurer, Gothaer, filed a timely recovery action in China in November, 2009. STX Pan Ocean filed its declaratory action on December 23, 2010 – more than one year after the statutory period had already expired.

STX Pan Ocean's petition is an identical abuse of the declaratory judgment as seen in *Seaboard Marine*. As the Seaboard court observed, the purpose of a declaratory remedy is to avoid the accrual of avoidable damages and to afford adjudication to a party uncertain of his rights; however, "[a] party should not be permitted to distort the purpose of the declaratory judgment by using it as a vehicle to secure a forum of its own choosing." **See** *Seaboard Marine* at \*2, **citing** *Natural Gas Pipeline v. Union Pacific Resources*, 750 F.Supp. 311, 315 (N.D.Ill. 1990). This is precisely what STX Pan Ocean is attempting here.

On the face of the pleadings, STX Pan Ocean had until December 8, 2009 to file a declaratory action. It failed to do so. Accordingly, the time for the declaratory action has tolled and the instant matter should be dismissed.

---

[4]     Rec. Doc. 1, ¶11.

**III.     A FOREIGN ANTI-SUIT INJUNCTIVE ACTION IS UNAVAILABLE WHEN THE PLAINTIFF SEEKS TO ENJOIN FOREIGN LITIGATION WHICH WAS FILED PRIOR TO PROCEEDINGS IN THE UNITED STATES.**

Assuming *arguendo* that this Honorable Court was not divested of subject matter jurisdiction by virtue of the foreign forum selection clause in the subject bills of lading, *and further assuming* that the instant Declaratory Judgment action was not time barred, a foreign anti-suit injunction is a disfavored and very specific type of preliminary injunction. It requires the Court to balance the need to prevent vexatious or oppressive litigation against the protection of its own jurisdiction, and to defer to principles of international comity. *Indus. Mar. Carriers (Bahamas), Inc. v. Barwil Agencies A.S.*, 03-1668, 2003 WL 22533704 (E.D. La. Nov. 5, 2003) at *3, (**citing** *Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 364 – 366 (5th Cir.2003)). To determine whether or not foreign proceedings are vexatious or oppressive, the Court must weigh three interrelated factors: (1) "inequitable hardship" resulting from the foreign suit; (2) the foreign suit's ability to "frustrate and delay the speedy and efficient determination of the cause"; and (3) the extent to which the foreign suit is duplicitous of the litigation in the United States. *Id.,* **citing** *Karaha Bodas, Co.* at 366.

Addressing the factors in reverse order, in *Indus. Mar. Carriers (Bahamas), Inc.*, supra. the Eastern District of Louisiana noted that (as of 2003) it found no case law granting a foreign anti-suit injunction where, as we have here, a lawsuit in a foreign country was filed *before* a lawsuit filed in the United States. The same finding occurred again in 2007. See *Sector Navigation Co. v. M/V CAPTAIN P*, 06-1788, 2007 WL 854311 (E.D. La. Mar. 15, 2007) at *2. Undersigned counsel has found no case where a foreign anti-suit injunction was granted relative to a foreign suit that was filed *before* the declaratory judgment action in the United States. When

8

foreign litigation precedes the injunctive action it cannot reasonably be said that the foreign suit has duplicated the litigation in the United States, thus negating the third factor of the test. *Indus. Mar. Carriers (Bahamas), Inc.* at *2. As is noted above, Gothaer filed the Chinese Litigation in November, 2009. STX Pan Ocean filed its Declaratory Judgment action in December, 2010. Thus, the duplicitous action here is STX Pan Ocean's time-barred declaratory judgment action.

Likewise, when other remedies are available in the foreign venue, it cannot be said that foreign litigation will "frustrate and delay the speedy and efficient determination of the cause," thus negating the second factor of the test. *Id.* In the instant case, the Chinese Litigation was commenced over a year before STX Pan Ocean filed its declaratory action and request for injunctive relief with this court. Thus, the declaratory action is the duplicative lawsuit – not the action pending before the Dalian Maritime Court in China. Similarly, as the Chinese Litigation is pending and remedies are available, plaintiff cannot show that it frustrates or delays a speedy and efficient determination of the cause. Rather, STX Pan Ocean's instant declaratory judgment would "frustrate and delay the speedy and efficient determination of the cause," since it seeks to enjoin the Chinese Litigation that has been on-going for over a year. Therefore, as in *Indus. Mar. Carriers (Bahamas), Inc.*, the second and third factors weigh against granting an injunction here.

Similarly, with regard to the first factor, plaintiff has not and cannot demonstrate "inequitable hardship which would result" if the Chinese Litigation is not enjoined. As is noted above, the bills of lading mandate that any court addressing this dispute, regardless of the venue, must apply COGSA. Therefore the claims, defenses, damages and applicable law relative to the underlying claim will be the same.

Further, Gothaer is a German insurance company. STX Pan Ocean states that it is based out of Seoul, South Korea. Neither party bears a disproportionate burden by a lawsuit pending in Dalian, China. To the contrary since the underlying claim appears to be based on poor stowage, the witnesses and documentary evidence concerning the loading and stowing of the cargo will be more readily available in Dalian, China where the vessel was loaded. Evidence concerning the New Orleans discharge will be equally inconvenient to both sides, regardless of whether the case is litigated in China or Korea. Therefore, any hardship that results from the suit proceeding in China will not be "inequitable."

Contrast the above with *Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624 (5th Cir. 1996). In *Kaepa*, a District Court in Texas issued an injunctive order enjoining foreign litigation that was filed in Japan *after* a timely suit had been commenced in the United States. While the Fifth Circuit affirmed the District Court's decision, *Kaepa* is distinguishable on the facts from the instant case.

In *Kaepa* an American company called Kaepa entered into agreement with Achilles, a Japanese company, to distribute Kaepa footwear. The agreement expressly provided that Texas law and the English Language would govern its interpretation, that the agreement would be enforceable in San Antonio, and Achilles would consent to jurisdiction in a Texas court. Relations between the parties soured, prompting Kaepa to file a lawsuit in a Texas state court. Achilles removed the matter to a District Court, answered the Texas lawsuit and participated in discovery. As the trial date approached, Achilles filed a separate and duplicative lawsuit in Japan. Kaepa sought an injunctive order enjoining Achilles from proceeding in the other forum, which was granted by the District Court and affirmed by the Fifth Circuit.

10

The critical facts of the instant case are wholly different. In the instant matter, the parties did not consent to jurisdiction in Louisiana, have not selected English as the interpreting language, and did not agree to enforcement in an American city. Additionally, here the Chinese Litigation pre-existed STX Pan Ocean's declaratory action. See *Sector Navigation Co. v. M/V CAPTAIN P*, 06-1788, 2007 WL 854311 (E.D. La. Mar. 15, 2007) at *2, **distinguishing** *Kaepa*. Accordingly, *Kaepa* is unpersuasive.

## IV. THE PLAINTIFF HAS NOT ESTABLISHED IN PERSONAM JURISDICTION OVER THE DEFENDANT GOTHAER.

In addition to all of the foregoing, defendant Gothaer also moves for dismissal pursuant to Fed. Rule Civ. P. 12(b)(2), because it does not have sufficient contacts with this forum to justify this Honorable Court exercising personal jurisdiction over it. Gothaer is a German insurance company based in Cologne, Germany. The company does not do business in Louisiana, maintains no offices here and has no agent for service of process here.

When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff seeking to invoke the jurisdiction of the Court bears the burden of establishing it. *Seatrepid Louisiana L.L.C. v. Richard Philips Marine, Inc.*, 09-3174, 2009 WL 1402232 (E.D. La. 2009) [**citing** *Luv N' Care v. Insta-Mix, Inc.* 435 F.3d. 564, 469 (5th Cir. 2006), cert. denied, 548 U.S. 904 (2006)]. The Louisiana Long Arm Statute extends the jurisdiction of a Louisiana Courts to establish personal jurisdiction over a non-resident only so long as it is consistent with the Constitution of the United States. La. R.S. 13:3201(B). Therefore, the statutory and constitutional inquiries of personal jurisdiction merge. *Clark v. Moran Towing & Transportation Co., Inc. et. al.*, 738 F.Supp 1023 (E.D. La. 1990) [**citing** *Dalton v. R & W Marine, Inc.*, 897 F.2d 1359, 1361 (5th Cir. 1990)].

In *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-14 (1994), the Supreme Court of the United States interprets the Due Process Clause to limit a Court's power to assert jurisdiction over a non-resident defendant.  For personal jurisdiction to exist, that defendant must have meaningful relations with the forum state – if the defendant has purposefully established minimum contacts with the forum state, then he is subject to that Court's jurisdiction. *International Shoe Co. v. Washington*, 326 U.S. 310 (1945).  See also *Asahi Metal Industry Co., Ltd. v. Superior Court of California, et. al*., 480 U.S. 102 (1987).  The "minimum contacts" test for personal jurisdiction takes two forms: specific jurisdiction and general jurisdiction. *Seatrepid*, 2009 WL 1402232 (E.D. La. 2009) at *3.

The Fifth Circuit articulates the "specific jurisdiction" test through a three-point analysis: (1) whether the defendant has established minimum contacts with the forum state, created through the defendant's purposeful direction of his activities towards the forum state; (2) whether the plaintiff's causes of action arise from or results from the defendant's forum-related contacts; and (3) if the plaintiff can establish a *primae facie* case satisfying the first two elements, "specific jurisdiction" may still be lacking if the defendant shows that the exercise of personal jurisdiction over the defendant would not be fair and reasonable.  *Luv N' Care v. Insta-Mix, Inc*. 435 F.3d. 564, 469 (5th Cir. 2006), cert. denied, 548 U.S. 904 (2006) [citing *Burger King Corp. v. Rudzweicz*, 471 U.S. 462, 474 (1985) and *Nuvo Pignone v. STOR-MAN ASIA M/V*, 310 F.3d 374 (5th Cir. 2002)].

The general jurisdiction analysis places a heavier evidentiary burden on the plaintiff than does the "specific jurisdiction" analysis.  The general jurisdiction inquiry's "sole focus" is whether or not "….there are any continuous or systematic contacts between the defendant and the forum." *Dickson Marine, Inc. v. Panalina, Inc*., 179 F.3d 331, 339 (5th Cir. 1999).  In

12

contrast to the requirements for "specific jurisdiction" (e.g. "minimum contacts" and the state's interest in the cause of action), the plaintiff seeking to establish "general jurisdiction" must demonstrate that the defendant has "continuous and systematic" contacts with the forum.  The Fifth Circuit has described the general jurisdiction test as "…a difficult one to meet, requiring extensive contacts between a defendant and a forum." *Submersible Systems, Inc. v. Perfadora Cent.*, 249 F.3d 413, 419 (5th Cir. 2001).  If the defendant has few contacts with the forum state, then the exercise of general jurisdiction is offensive to the Due Process Clause of the United States Constitution. *Seatrepid* at *7.

In the instant matter, Gothaer does not have sufficient contacts with the forum state to support either general jurisdiction or specific jurisdiction.  Plaintiff has the burden of establishing jurisdictional grounds, but has not begun to address its evidentiary burden regarding personal jurisdiction over Gothaer.  The contacts that C&F might have had with Louisiana – if any – may not be used to bind a foreign insurer to personal jurisdiction. *Travelers Indem. Ins. Co.*, 798 F.2d 826, 831 (5th Cir. 1986).

**V.  NO CASE OR CONTROVERSY EXISTS BETWEEN PLAINTIFF STX PAN OCEAN AND DEFENDANT C&F, BECAUSE C&F IS NOT PART OF THE CHINESE LITIGATION.**

Plaintiff has also failed to state a claim against C&F, requiring a dismissal under Fed. Rule Civ. P. 12(b)(6).  Contrary to plaintiff's allegation, there is no case or controversy as between STX Pan Ocean and C&F. The sole plaintiff in the Chinese Litigation is Gothaer.  C&F is not a party to the Chinese Litigation.  C&F cannot be enjoined from action it did not take, is not taking, and has no right to take in the future due to the subrogation of its rights to its insurer Gothaer.

There is a split in the circuits regarding what specific conditions need to me met before a United States court can enjoin litigation in a forum country; but that split is irrelevant to the present inquiry.  The Ninth and Fifth Circuits seem to require that the parties and the issues be the same, and that alone is generally sufficient to justify the issuance of such an injunction. See, e.g., *Seattle Totems Hockey Club, Inc. v. National Hockey League*, 652 F.2d 852, 856 (9th Cir.1981), cert. denied, 457 U.S. 1105, 102 S.Ct. 2902, 73 L.Ed.2d 1313 (1982); *In re: Unterweser Reederei, GmbH*, 428 F.2d 888, 896 (5th Cir.1970), **rev'd on other grounds**, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972).  The Second, Sixth, and DC Circuits consider those two factors, in addition to other factors including international comity.  *China Trade and Dev. Corp. v. M/V CHOON YONG,* 837 F.2d 33 (2nd Cir. 1987); **see also** *Gau Shan Co., Ltd. v. Bankers Trust Co.*, 956 F.2d 1349, 1358 (6th Cir. 1992); **and** *Sea Containers Ltd. v. Stena AB*, 890 F.2d 1205, 1214 (D.C.Cir.1989).  Thus, although some Circuits take additional factors into consideration, there is unanimity among the Circuits that, *at a minimum,* the parties and issues must be the same before a United States court can enjoin litigation in a forum country.

In the instant matter, the minimum threshold is not met.  The parties are not the same.  As noted above, C&F is not a party to the Chinese Litigation.  Also, the Gothaer entity which is the plaintiff in the Chinese Litigation, Gothaer Verischerungsbank Hamburg/Cologne, bears a different name than the current defendant, Gothaer Allgemeine Versicherung AG.[5]  Finally, there are three other defendants named in the Chinese Litigation – none of which are parties to the instant matter.   Therefore, the parties and the issues are not the same.

---

[5] Limited discovery may need to be conducted to determine if these entities are related.

## CONCLUSION

STX Pan Ocean's lawsuit, which seeks a declaratory judgment and an order enjoining the Chinese Litigation, must be dismissed. Plaintiff's petition fails on several grounds. First and foremost, the forum selection clause has divested this Honorable Court of subject matter jurisdiction, precluding the Court from ruling on this matter. Second, based on the face of STX Pan Ocean's own allegations, Plaintiff's action for declaratory judgment is time barred, having been filed over one year after COGSA's one year statute of limitations expired. Third, because the Chinese Litigation was filed prior to the instant litigation, STX Pan Ocean cannot show the foreign litigation is duplicitous or that it would unnecessarily delay an end result. Combined with the absence of personal jurisdiction over Gothaer, and the inconsistent parties between the two actions, an injunctive order cannot reasonably be issued.

For the reasons, the instant case should be dismissed.

Respectfully Submitted:

**PUGH, ACCARDO, HAAS, RADECKER,
CAREY & HYMEL, L.L.C.**

BY:   *S/Christopher E. Carey*
**CHRISTOPHER E. CAREY (#1751) TA
ALEXANDER L. BURNS (#31076)**
3200 Energy Centre
1100 Poydras Street
New Orleans, La. 70163-2000
Telephone:   (504) 799-4500
Telefax:       (504) 799-4520
ccarey@pugh-law.com
aburns@pugh-law.com
*Attorneys for Defendants COUTINHO &
FERROSTAL, INC. and GOTHAER
ALLGEMEINE VERISHERUNG AG*

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that on Tuesday, March 01, 2011, he did file a copy of the foregoing pleading into the CM/.ECF system for the United States District Court for the Eastern District of Louisiana, which automatically transmitted a copy of same to all attorneys enrolled therein. For those parties not enrolled, a copy of the foregoing was sent via facsimile or United States Mail with postage prepaid and properly addressed.

*S/Christopher E. Carey*
**CHRISTOPHER E. CAREY**