IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

STX PAN OCEAN CO., LTD

      **Plaintiff**                             CIVIL ACTION NO.

            VS.                              2:10-cv-04613-MVL-SS

**COUTINHO & FERROSTAAL, INC., and GOTHAER ALLGEMEINE VERICHERUNG AG**      JUDGE:  Mary V. Lemmon

                                                MAGISTRATE:  Sally Sushan

      **Defendants**

**REPLY TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**

MAY IT PLEASE THE COURT:

    Defendant(s) COUTINHO & FERROSTAL, INC. ("C&F") and GOTHAER ALLGEMEINE VERSICHERUNG AG ("Gothaer") reply to the Opposition filed by plaintiff STX Pan Ocean Co., Ltd. A reply is needed to respond to several incorrect assertions of law contained within the Opposition.

    The procedural background is already well-pled before this Court, but will be briefly reviewed.[1] Gothaer sued STX Pan Ocean and several other parties before China's Dalian Maritime Court in November 2009 ("Chinese Litigation"). The Chinese Litigation seeks recompense for a cargo of steel pipes damaged during shipment from China to New Orleans on or around December 8, 2008. Over one year after the Chinese Litigation began, plaintiff filed the instant petition, seeking a declaration absolving it of liability and a foreign anti-suit injunction enjoining defendant Gothaer from pursing its Chinese Litigation.

---

[1] See Rec. Doc. 6, pp. 2 – 3. The procedural history is more fully set forth in Defendants' original Memorandum In Support.

On March 1, 2011 C&F and Gothaer filed a <u>Motion to Dismiss</u> the instant case. The motion argued (1.) that the forum selection clause contained in the bills of lading divested this court of subject matter jurisdiction; (2.) that the complaint failed to state a cause of action overall because the declaratory action was time-barred; (3.) that a foreign anti-suit injunction is not available or justified based on the facts of the instant case; (4.) that defendant Gothaer is not subject to personal jurisdiction in Louisiana; and (5.) that plaintiffs failed to state a cause of action against defendant C&F because C&F is not a party-litigant to the Chinese Litigation.

On March 29, 2011 the plaintiff filed its <u>Opposition</u>, which is rife with legal inaccuracies of which the Court should be aware before deciding the pending motion.

### A. DEFENDANT IS INCORRECT: THE COURT IS <u>NOT</u> BOUND TO ACCEPT THE PLAINTIFF'S ALLEGATIONS OF FACT FOR ALL MOTIONS FILED UNDER RULE 12(b).

STX Pan Ocean opens its <u>Opposition</u> with an incorrect and overbroad statement of procedural law. Plaintiff repeatedly represents to this Court that, "Upon a motion to dismiss, the allegations in the complaint are deemed true **for the purposes of Rule 12 motions**."[2] Plaintiff takes the defendants to task for "ignoring this legal principle,"[3] stating that "adding fact is improper,"[4] and "defendants do not have the liberty or luxury **on a 12(b) motion** to write their own script."[5] Plaintiff cites to *In re: Southern Scrap Material Co.*, L.L.C., a Fifth Circuit case which only address 12(b)(6) motions for "failure to state a claim," and not the more complex issues raised in the defendant's motion. Accordingly, plaintiff's statement of law and the associated rhetoric are overbroad and incorrect.

---

[2]   Rec. Doc. 8 at p. 2, citing *In re: Southern Scrap Material Co., L.L.C.*, 541 F.3d 584 (5th Cir. 2008) *cert. denied* 129 S.Ct. 1669 (2008) [emphasis added].
[3]   *Id.* at p.2.
[4]   *Id.* at p.3
[5]   *Id.* at p.3 [emphasis added].

In truth, the criteria for dismissal pursuant to **Rule 12(b)(6)** for failure to state a claim does not apply to *all* motions filed under Rule 12(b). *In re: Southern Scrap* only dealt with a 12(b)(6) motion to dismiss for failure to state a claim. The case did not concern lack of subject matter jurisdiction,[6] improper venue,[7] personal jurisdiction over the defendant,[8] or the absence of available foreign anti-suit injunctive relief. Rule 12(b)(6) motions accept the plaintiff's well-pled facts as true because the motion stands or falls based only on whether the plaintiff's pleading stated cause of action. *In re: Southern Scrap*, *supra*.

By contrast, when ruling on a 12(b)(1) or 12(b)(3) motion to dismiss the Court looks beyond the facts pled in the plaintiff's complaint and its proper attachments, and considers (1.) the complaint alone, (2.) any undisputed facts evidenced in the record, or (3.) both, plus the court's resolution of any disputed facts.[9] Facts may also be introduced to show that injunctive relief is not available, or to resolve matters of personal jurisdiction.

Plaintiff's argument that Courts must accept all of a plaintiff's pled facts as true, and consider *only* those facts, for the purposes of deciding *every* 12(b) motion, would lead to the absurd consequence that cases could *never* be dismissed for lack of personal or subject matter jurisdiction, for improper venue, and the like. Plaintiff's argument would eviscerate Federal Rules 12 (b)1, 2 and 3 and would conflict with decades of reported case law.

Defendants respectfully submit the dispositive arguments contained in Sections I, III, and IV of the their Memorandum In Support [10] are not based in Rule 12(b)(6). With respect to these arguments, this Honorable Court is not required to accept the plaintiff's allegations. With respect

---

[6] Fed. Rul. Civ. P. 12(b)(1).
[7] Fed. Rul. Civ. P. 12(b)(3).
[8] Fed. Rul. Civ. P. 12(b)(2).
[9] *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) cert. denied, 130 S. Ct. 1054, 175 L. Ed. 2d 883 (U.S. 2010), quoting *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 449 (5th Cir.2008), citing *Lane ex rel. Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir.2008); *Murphy v. Schneider Nat'l Inc.*, 362 F.3d 1133, 1138-40 (9th Cir.2004).
[10] Rec. Doc. 6-1 at pp. 3 – 5, 8 – 11, and 11 – 16, respectively.

to those arguments, the Court may consider evidence outside the pleadings. Further, the 12(b)(6) arguments raised in Sections II and V of Defendants' <u>Memorandum In Support</u> rely on facts which are already contained in the plaintiff's complaint, its attachments, and judicial admissions contained in its other pleadings.  Therefore, to decide defendants' 12(b)(6) arguments, the Court need not look beyond these materials. STX Pan Ocean's assertions to the contrary would mislead the Court's legal analysis and should, therefore, be rejected.

**B. A MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION IS AN ACCEPTABLE WAY TO DISMISS THE CASE WHEN A FORUM SELECTION CLAUSE "DIVESTS THE COURT OF JURISDICTION."**

In the <u>Opposition</u>, plaintiff asserts, "This [divesting a court of jurisdiction] is a concept separate and distinct from subject matter jurisdiction…."[11]  Plaintiff cites no support for the alleged distinction, and fails to meaningfully discuss *Ambraco* to explain the distinction, or its significance to the issue at hand.  Plaintiff seemingly agrees with the defendants' argument that forum selection clauses are presumptively valid and divest the Court of jurisdiction – be it subject matter jurisdiction or otherwise.[12]   Thus, this Court does not have subject matter jurisdiction over this dispute.

Contrary to plaintiff's assertions, the *Ambraco* Court expressly referenced a motion to dismiss for "lack of subject matter jurisdiction" under Rule 12(b)(1).  *Ambraco*, 570 F.3d 233, 237 (5th Cir. 2009). Plaintiff offers no contrary authorities.

The Fifth Circuit has not clarified the proper procedural motion in these circumstances. The Fifth Circuit's first footnote in *Ambraco* states, in full:

> "[T]his court on at least [three] previous occasions has declined to address the 'enigmatic question of whether motions to dismiss on the basis of forum selection clauses are properly brought as motions under **Fed.R.Civ.P. 12(b)(1)** [or] 12(b)(3).' " *Ginter*, 536 F.3d at 448 (Dennis J., dissenting) (quoting *Lim v. Offshore Specialty Fabricators, Inc.*, 404

---

[11]    Rec. Doc. 6-1 at p. 5.
[12]    See *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) cert. denied, 130 S. Ct. 1054 (2010).

>F.3d 898, 902 (5th Cir.2005)); see *Haynsworth v. The Corporation*, 121 F.3d 956, 961 (5th Cir.1997). We once again decline to settle this dispute.

See *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233 (5th Cir. 2009) at FN 1 [quotes and cites original, emphasis added]. Absent clarification from the Fifth Circuit, a dismissal under 12(b)(1) for lack of subject matter jurisdiction is appropriate. Plaintiff manufactures a "distinction" without showing a difference. As plaintiff concedes, the forum selection clause is presumptively valid and divests this Court court of jurisdiction to hear the claim.  Therefore, further analysis is not required and the case must be dismissed.

## C. PLAINTIFF'S ARGUMENT THAT IT IS NOT A "CARRIER" DOOMS ITS PETITION.

When responding to the "statute of limitations" argument, STX Pan Ocean contradicts its own pleadings and dooms either its Opposition to the pending Motion or its Declaratory Judgment action. STX Pan Ocean's complaint alleges that it is entitled to limit its liability pursuant to COGSA,[13] and urges that the "public policy" of the United States, as codified under COGSA, will be thwarted if the case is litigated in China because, according to plaintiff's affiant (STX Pan Ocean's *own* Chinese counsel), the Chinese court may not permit STX Pan Ocean to avail itself of the defense it claims entitlement to under COGSA.[14]

COGSA's "per package" liability limit (like all COGSA defenses) is only available to "carriers."[15] By affirmatively pleading that it is entitled to limit its liability under COGSA, and by invoking the protection of public policy concerns of ensuring that COGSA is applied to protect the interests of carriers, STX Pan Ocean based its claim for relief in its Declaratory Judgment action on the premise that it is a carrier.  Yet  when  facing  dismissal  plaintiff's <u>Opposition</u> retreats from its previous assertions that it is a COGSA carrier and claims it is not a carrier.[16]  A party is not permitted to retreat from its own allegations of fact simply to avoid a

---

[13]     Rec. Doc. 1 at ¶ 19.
[14]     Rec. Doc. 1 at ¶ 24, pp. 7 – 8.
[15]     *Sabah Shipyard Sdn. Bhd. v. M/V Harbel Tapper*, 178 F.3d 400, 404 (5th Cir. 1999). **citing** former 46 USC App. §1304(5), now codified at 46 USCA §30701, note §4(5).
[16]     Rec. Doc. 8 at p. 7.

dismissal. *Sobratti v. Tropical Shipping and Const. Co.*, Ltd., 267 F.Supp.2d 455, 462 – 63 (D.V.I.,2003).

There is no dispute that plaintiff brought the instant action well over one year after the damages to cargo were discovered, thus supporting dismissal pursuant to the Eastern District's decision in *Seaboard Marine*. If STX Pan Ocean is *not* a carrier, it is entitled to neither COGSA's carrier liability limit, nor to the benefit of the public policy concerns supporting its argument that the claims against it be heard here; thus, its Declaratory Judgment Complaint is legally baseless. If plaintiff *is* a carrier, as its Complaint alleges, then COGSA provides the underlying legal framework, including the one-year prescriptive period, and plaintiff's Declaratory Judgment Complaint is time barred.

Moreover, plaintiff asks this Court to "join the long list of other courts which have not cited *Seaboard Marine* with respect to its time bar discussion," providing no justification other than that STX Pan Ocean disagrees with *Seaboard Marine*'s reasoning. STX Pan Ocean, however, fails to cite even one case in which a Court discusses and declines to follow or distinguishes *Seaboard Marine*. *Seaboard Marine*, and the cases cited therein stand for the fundamental principle that a declaratory action shall not be used for forum shopping. STX Pan Ocean, not C&F and Gothaer, is engaged in blatant forum shopping and duplicative litigation in an attempt to stonewall the Chinese Litigation.

### D. PLAINTIFF'S STATEMENT THAT "PARALLEL SUITS ARE NOT PROHIBITED" IS AT ODDS WITH ITS PLEADINGS AND PRAYER FOR A FOREIGN ANTI-SUIT INJUNCTION.

Section III of defendants' original <u>Memorandum In Support</u> briefed the three factor test used by the Fifth Circuit to grant or deny foreign anti-suit injunctive relief.[17] In <u>Opposition</u>, plaintiff does not address *any* of the three factors and weakly cites *China Trade*'s general rule that "parallel suits are not prohibited." The response is a *non sequitur*. One has absolutely

---

[17] Rec. Doc. 6-1 at pp. 8 – 16, **citing** *Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 364 – 366 (5th Cir.2003)

nothing to do with the other, particularly because the plaintiff is not seeking "parallel" actions. The injunctive relief it seeks would enjoin and stop the Chinese Litigation.

Plaintiff's reliance on *China Trade* is misplaced. First, *China Trade* stands for the proposition that an American Court ordinarily **will not** enjoin suit in a foreign forum. In fact, the Second Circuit determined that the district court abused its discretion by issuing the injunction, and reversed.[18] With respect to the plaintiff's action for injunctive relief, *China Trade* supports the defendants' argument that the plaintiff is not entitled to relief in the form of a foreign anti-suit injunction. *Id.*

Further, *China Trade* does not support a parallel declaratory action for the plaintiff. While the *China Trade* dicta suggests that parallel actions are not prohibited as a matter of law, the *China Trade* court in New York was not faced with the same facts which are present here. There, neither party was arguing that a presumptively valid forum selection clause divested the Court of jurisdiction. Here, by contrast, the STX Pan Ocean bill of lading contains a forum selection clause divesting this Court of jurisdiction, as briefed herein and earlier.[19] Thus, *China Trade* is legally and factually distinguishable.

The only support that STX Pan Ocean offers is the opinion of its Chinese attorney, Mr. Zhao Shouzho. As indicated in his affidavit, Mr. Zhao is the attorney representing plaintiff's interests in the Chinese Litigation,[20] rendering his affidavit useless to this Court as an independent legal expert.

Further, STX Pan Ocean has mischaracterized Mr. Zhao's stated opinion. Contrary to plaintiff's assertion that his affidavit "graphically and dramatically" shows that the Dalian Maritime Court would not enforce the terms of the Bill of Lading (i.e., would deprive STX Pan

---

[18]   See *China Trade & Dev. Corp. v. M.V. Choong Yong*, 837 F.2d 33, 37 (2d Cir. 1987).
[19]   Rec. Doc. 6-1.
[20]   Rec. Doc. 8-3, p.10, ¶ 1.

Ocean of its COGSA carrier defenses), the affiant only states that the Chinese Court *may* not. Moreover, Mr. Zhao's discussion of this possibility at paragraph 2 of the affidavit anticipates a scenario where the *carrier* seeks enforcement of the forum selection clause in its bill of lading over the cargo interests' objection. Under *that* scenario, Mr. Zhao suggests the Chinese court might treat the Bill of Lading like a "contract of adhesion" and refuse to enforce "boilerplate" terms of the contract (like a Forum Selection Clause and/or a Choice of Law Clause) against the cargo interests because the cargo interests had no opportunity to negotiate. Here, the opposite situation exists: Gothaer (as subrogee/cargo interest) is not seeking to contest the forum selection clause. Rather, it is STX Pan Ocean that seems to be contesting the terms. Mr. Zhao's opinion is, therefore, inapplicable.

In paragraph 2 of the affidavit, Mr. Zhao tries to explain why STX Pan Ocean did not invoke their defense based on the forum selection clause within 30 days of their receipt of the Complaint as required by Chinese law, because the forum selection clause in the bill of lading was not "made available" to them within 30 days of their receipt of the Complaint. He ignores the fact that bill of lading is written on STX Pan Ocean's form. STX Pan Ocean not only had the Bill of Lading form available to it, but likely had a copy of this specific bill of lading in its vessel file. Mr. Zhao's affidavit consists of argument by a skilled advocate; it is not an independent legal opinion of Chinese law, and has no evidentiary value.

### E. THE PERSONAL JURISDICTION ISSUE IS MOOT IF THE COURT GRANTS DISMISSAL BASED ON ANY OF THE ARGUMENTS RAISED ABOVE.

STX Pan Ocean requests the opportunity to conduct discovery related to Gothaer's alleged contacts with the United States in order to assert personal jurisdiction. If defendants' motion was based solely on lack of personal jurisdiction, then jurisdictional discovery might be justifiable. However, defendants' argument is multi-pronged and any one of the prongs

independently supports dismissing the case. If this Court determines the forum selection clause divests it of jurisdiction then personal jurisdiction is moot. Similarly, if this Court determines that the declaratory action is time barred, then the case must be dismissed. Likewise, if the Court determines that the three factor *Karada Bodas* test does not support a foreign anti-suit injunction, the case must be dismissed.

Judicial efficiency is best served by resolving and dismissing the instant matter based upon the arguments made above. There is no need to waste the resources of either party or this Court to determine whether or not Gothaer's contacts with the United States justify personal jurisdiction. There are ample grounds for an efficient dismissal without reaching this issue.

## F. COUTHINO & FERROSTAL IS ENTITLED TO AN UNCONDITIONAL DISMISSAL.

Finally, the plaintiffs acknowledge the patently obvious fact that C&F is not a party to the Chinese Litigation, and, therefore, that C&F is legally entitled to be dismissed.[21] However, STX Pan Ocean suggests that it desires a stipulation from C&F as a condition to dismissal.

STX Pan Ocean is in no position to make such demands. Defendants' original memorandum addressed the minimum threshold requirements which must exist before STX Pan Ocean is entitled to pursue the relief it seeks.[22] Before foreign anti-injunctive relief can issue, the parties must be the same. In the instant case, this minimum threshold is not present.

Plaintiff has acknowledged that C&F is not a party to the Chinese Litigation. There are also three other Chinese Litigation Defendants which are not present before this Court, which STX Pan Ocean admits in its complaint.[23] Thus, the parties are not the same and the minimum threshold requirements for injunctive relief are not present.

Plaintiffs' allegations and acknowledgements are judicial admissions which may be used to support a dismissal. Pursuant to Rule 12(b)(6), STX Pan Ocean's own pleadings fail to show

---

[21] Rec. Doc. 8, pp. 2 at No. 5.
[22] Rec. Doc. 6-1, at pp. 13 – 14, citations omitted.
[23] Rec. Doc. 1 at ¶ 24, acknowledging "…there are additional parties named in the Chinese lawsuit…"

that plaintiff is entitled to the relief it seeks. As a matter of law, C&F is entitled to an unconditional dismissal.

## CONCLUSION

Plaintiff's Opposition opens with an incorrect statement of law which might mislead the Court into accepting only the plaintiff's self-serving allegations of fact. STX Pan Ocean also has not raised any meaningful Opposition to the dispositive issues before the Court. The forum selection clause divests the Court of jurisdiction to hear any of the claims. The declaratory action is time barred. Injunctive relief is not supported by the facts. Personal jurisdiction is moot because the matter should be dismissed on one or more of the preceding grounds. Finally, C&F is entitled to an unconditional dismissal because the plaintiff's judicial admissions fail to support a cause of action against it. Accordingly, the instant matter should be dismissed at plaintiff's cost.

Respectfully Submitted:

**PUGH, ACCARDO, HAAS, RADECKER, CAREY & HYMEL, L.L.C.**

BY:   /s/Alexander L. Burns
**CHRISTOPHER E. CAREY (#1751) TA**
**ALEXANDER L. BURNS (#31076)**
3200 Energy Centre
1100 Poydras Street
New Orleans, La. 70163-2000
Telephone:    (504) 799-4500
Telefax:         (504) 799-4520
ccarey@pugh-law.com
aburns@pugh-law.com
*Attorneys for Defendants COUTINHO & FERROSTAL, INC. and GOTHAER ALLGEMEINE VERISHERUNG AG*

## CERTIFICATE OF SERVICE

I hereby certify that on Monday, April 04, 2011, I did file a copy of the foregoing pleading into the CM/.ECF system for the United States District Court for the Eastern District of Louisiana, which automatically transmitted a copy of same to all attorneys enrolled therein. For

those parties not enrolled, a copy of the foregoing was sent via facsimile or United States Mail with postage prepaid and properly addressed.

/s/ Alexander L. Burns
**ALEXANDER L. BURNS**